# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. SEVERANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:15-CV-74 CAS |
| v. | ) | |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to conduct discovery prior to Rule 16 conference. In the motion, plaintiff's counsel states that after reviewing approximately 2,200 pages of medical records, 75 pages of open records in plaintiff's Missouri Department of Corrections ("MDOC") file, and 615 pages of plaintiff's records, counsel has been unable to identify the John and Jane Doe defendants, but has made substantial progress. Plaintiff has narrowed the list of potential identities for John Does Nos. 2-5, 7, 8 and Jane Doe 1 to a list of 32. Plaintiff states discovery is necessary to further narrow this list and complete the identification process. Plaintiff seeks an order allowing discovery to proceed prior to the Rule 16 conference to confirm the identities for defendants John Doe Nos. 1-10 and Jane Doe 1.

"[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather then dismissing a claim, a court

should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery.  Munz, 758 F.2d at 1257.

In this case, the complaint asserts claims against John Doe Nos. 1-10 and Jane Doe 1.  The complaint describes these Doe defendants by their location within the MDOC, their job description, and their alleged actions in treating plaintiff.  The Court concludes the complaint's allegations against the Doe defendants are specific enough to permit their identity to be ascertained after reasonable discovery.  Plaintiff shall be granted leave to conduct the necessary discovery prior to the Rule 16 conference to confirm the identities of these Doe defendants.  Plaintiff should promptly seek leave of Court to amend his complaint after ascertaining the identity of the unknown defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to conduct discovery prior to Rule 16 conference is **GRANTED**. [Doc. 35]

**IT IS FURTHER ORDERED** that plaintiff is granted leave to promptly ascertain through appropriate discovery the identity of the John Doe and Jane Doe defendants, see Fed. R. Civ. P. 26(d)(1).  Upon learning the identity of the John Doe and Jane Doe defendants, plaintiff may then properly seek leave of Court to amend his complaint to add them as a parties.

**IT IS FURTHER ORDERED** that plaintiff shall file a status report regarding his progress in identifying the John Doe and Jane Doe defendants within thirty (30) days of the date of this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of November, 2015.