# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. SEVERANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-74 CAS |
| v. ) | |
| ) | |
| DR. CHARLES WILLIAM CHASTAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for the appointment of expert witnesses by the Court pursuant to the Federal Rule of Evidence 706. Defendants have not responded to the motion, and the time for doing so has passed. For the following reasons, the Court will grant the motion.

## Background

Plaintiff, an indigent prisoner proceeding with appointed counsel, brings claims against prison officials and medical staff contending that their treatment of his jaw fracture and subsequent heart attack violated the Eighth Amendment. His claims arise from being struck in the jaw by a fellow inmate with a metal lock on April 26, 2012. Plaintiff suffered a fractured jaw and required extensive medical treatment including many oral surgeries over the course of multiple years. Plaintiff claims his jaw has not been repaired and remains fractured today, and that he requires future treatment for his injury.

In addition to his jaw fracture, on July 9, 2013, plaintiff suffered a stroke and alleges he was denied medical treatment. Plaintiff alleges this delay of proper medical treatment has rendered him partially paralyzed and wheelchair dependent. Plaintiff alleges further that treatment to his jaw was

delayed after his stroke because he could not be cleared for corrective procedures involving anesthesia. Plaintiff states the repeated denials of medical treatment while an inmate of the Missouri Department of Corrections violated his constitutional right to be free from cruel and unusual punishment.

**Discussion**

Under Federal Rule of Evidence 706, a district court may "on its own motion or on the motion of any party enter an order to show cause why expert witness should not be appointed." Fed. R. Evid. 706(a). Rule 706 also sets out how such an expert must be compensated. Fed. R. Evid. 706(b). Expert witnesses are entitled to reasonable compensation, which in civil cases "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Id. Courts have interpreted this rule to allow a district court to apportion all the cost to defendants in the appropriate case. Plaintiff seeks an Order appointing an expert witness pursuant to Federal Rule of Evidence 706. He states that his claims involve multiple complicated medical issues, and that medical expert testimony would be of great benefit to the Court.

When a delay in medical treatment is the alleged constitutional deprivation, as in this case, the objective seriousness of the deprivation, must also be measured "by reference to the *effect* of delay in treatment." Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (emphasis in original) (quotation marks and quoted case omitted). "To establish this effect, the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment[.]'" Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)) (affirming grant of summary judgment in favor of

defendant prison officials where plaintiff submitted only evidence documenting his diagnosis and treatment, but no verifying medical evidence establishing any delay in treatment had a detrimental effect).

On summary judgment, the plaintiff must offer evidence that a delay in treatment had a detrimental effect. In the absence of such evidence, the plaintiff "fail[s] to raise a genuine issue of fact on an essential element of his claim." Id.; accord Beyerbach, 49 F.3d at 1326. The Eighth Circuit has upheld the entry of summary judgment in favor of defendant prison officials where a plaintiff failed to submit verifying medical evidence that a delay in treatment adversely or detrimentally affected the plaintiff's condition or prognosis. In Laughlin, for example, the Eighth Circuit upheld the entry of summary judgment in favor of prison officials who delayed treating the inmate's heart attack where the inmate failed to offer evidence "establishing that any delay in treatment had a detrimental effect." Laughlin, 430 F.3d at 929; see also Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997) (affirming summary judgment in favor of defendant prison officials where plaintiff presented "no verifying medical evidence that she suffered any adverse effect on her condition or prognosis from the delay [in treatment]" of her acute cardiac condition and chest pain); Crowley, 109 F.3d at 502.

In Smith v. Jenkins, 919 F.2d 90 (8th Cir. 1990), plaintiff brought a claim of deliberate indifference to a serious medical need after a psychiatrist denied him treatment for his mental illness. The plaintiff moved for appointment of an independent psychiatrist to evaluate his condition under Rule 706, and the district court denied the motion and granted summary judgment in favor of defendant. Id. at 92. On appeal, the Eighth Circuit reversed the district court's summary judgment on the grounds that the court did not have plaintiff's medical records and the record contained

defendant prison officials where plaintiff submitted only evidence documenting his diagnosis and treatment, but no verifying medical evidence establishing any delay in treatment had a detrimental effect).

On summary judgment, the plaintiff must offer evidence that a delay in treatment had a detrimental effect. In the absence of such evidence, the plaintiff "fail[s] to raise a genuine issue of fact on an essential element of his claim." Id.; accord Beyerbach, 49 F.3d at 1326. The Eighth Circuit has upheld the entry of summary judgment in favor of defendant prison officials where a plaintiff failed to submit verifying medical evidence that a delay in treatment adversely or detrimentally affected the plaintiff's condition or prognosis. In Laughlin, for example, the Eighth Circuit upheld the entry of summary judgment in favor of prison officials who delayed treating the inmate's heart attack where the inmate failed to offer evidence "establishing that any delay in treatment had a detrimental effect." Laughlin, 430 F.3d at 929; see also Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997) (affirming summary judgment in favor of defendant prison officials where plaintiff presented "no verifying medical evidence that she suffered any adverse effect on her condition or prognosis from the delay [in treatment]" of her acute cardiac condition and chest pain); Crowley, 109 F.3d at 502.

In Smith v. Jenkins, 919 F.2d 90 (8th Cir. 1990), plaintiff brought a claim of deliberate indifference to a serious medical need after a psychiatrist denied him treatment for his mental illness. The plaintiff moved for appointment of an independent psychiatrist to evaluate his condition under Rule 706, and the district court denied the motion and granted summary judgment in favor of defendant. Id. at 92. On appeal, the Eighth Circuit reversed the district court's summary judgment on the grounds that the court did not have plaintiff's medical records and the record contained

defendant prison officials where plaintiff submitted only evidence documenting his diagnosis and treatment, but no verifying medical evidence establishing any delay in treatment had a detrimental effect).

On summary judgment, the plaintiff must offer evidence that a delay in treatment had a detrimental effect. In the absence of such evidence, the plaintiff "fail[s] to raise a genuine issue of fact on an essential element of his claim." Id.; accord Beyerbach, 49 F.3d at 1326. The Eighth Circuit has upheld the entry of summary judgment in favor of defendant prison officials where a plaintiff failed to submit verifying medical evidence that a delay in treatment adversely or detrimentally affected the plaintiff's condition or prognosis. In Laughlin, for example, the Eighth Circuit upheld the entry of summary judgment in favor of prison officials who delayed treating the inmate's heart attack where the inmate failed to offer evidence "establishing that any delay in treatment had a detrimental effect." Laughlin, 430 F.3d at 929; see also Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997) (affirming summary judgment in favor of defendant prison officials where plaintiff presented "no verifying medical evidence that she suffered any adverse effect on her condition or prognosis from the delay [in treatment]" of her acute cardiac condition and chest pain); Crowley, 109 F.3d at 502.

In Smith v. Jenkins, 919 F.2d 90 (8th Cir. 1990), plaintiff brought a claim of deliberate indifference to a serious medical need after a psychiatrist denied him treatment for his mental illness. The plaintiff moved for appointment of an independent psychiatrist to evaluate his condition under Rule 706, and the district court denied the motion and granted summary judgment in favor of defendant. Id. at 92. On appeal, the Eighth Circuit reversed the district court's summary judgment on the grounds that the court did not have plaintiff's medical records and the record contained

"virtually no evidence of the appropriate standard of care nor any indication whether [defendant]'s actions amounted to deliberate indifference as measured by that standard." Id. at 93. The Eighth Circuit remanded and instructed the district court "to review [plaintiff]'s medical records. If a dispute still exists between the diagnosis and treatment before and afer incarceration, an independent psychiatrist may be appointed to review all of [plaintiff]'s medical records and provide an opinion as to the proper diagnosis of [plaintiff] and the appropriate standard of care for psychiatrists." Id. at 94. The Eighth Circuit believed it would be "incongruous to deny the [plaintiff] the ability to present the necessary proof to withstand a motion for summary judgment–as the district court did here by denying the Rule 706 motion–and then grant summary judgment against the [plaintiff] simply because the [plaintiff] failed to come forward with such proof." Id. at 93 n.4; see also Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996) (reversing summary judgment in favor of prison medical defendants and remanding to district court for consideration of plaintiff's Rule 706 motion for appointment of expert witness).

Here, plaintiff will have medical records from the prison documenting his diagnosis and treatment, but without an expert opinion, plaintiff will have no verifying medical evidence establishing that any delay in treatment had a detrimental effect. Plaintiff will have thus failed to raise a genuine issue of fact on an essential element of his claim. As such, the grant of summary judgment in favor of the defendants would be proper. Dulany, 132 F.3d at 1243; Laughlin, 430 F.3d at 927. Because the questions presented at summary judgment and at trial involve questions of medical treatment and the effect of any delay, and plaintiff cannot prevail without an expert testimony, the Court finds it appropriate to appoint an expert witness to provide the jury with an unbiased opinion regarding plaintiff's medical care and treatment.

The undersigned finds the procedures set out for the appointing of an expert by the Court in Willis v. Palmer, __ F. Supp. 3d __, 2016 WL 3033736 at *5-6 (N.D. Iowa May 25, 2016), to be well structured, and will adopt those procedures as follows. The parties shall have thirty days from the date of this order to nominate expert witnesses. The parties should nominate a total of three experts they recommend for appointment, and the undersigned will select at least one to be retained in this case.[1] The experts should be able to provide competent testimony regarding: (1) whether the delay in treatment of plaintiff's jaw fracture had a detrimental effect on plaintiff's condition, prognosis, and future damages; and (2) whether the delay in treatment of plaintiff's stroke had a detrimental effect on plaintiff's condition, prognosis, and future damages. The parties shall also submit information regarding (1) the expert's qualifications and background, and (2) the costs of retaining the expert. Because of plaintiff's indigent status, and the particular facts of this case, the Court reserves the right to require defendants to advance the fees and expenses for any such appointed expert. The Court expects that the parties will need to modify certain dates set out in the case management order based on this Memorandum and Order. The Court will be inclined to grant motions for extensions of time.

**IT IS HEREBY ORDERED** that plaintiff's motion for the appointment of expert witnesses by the Court pursuant to Federal Rule of Evidence 706 is **GRANTED**. [Doc. 104]

---

[1] If, after consideration, the parties believe two experts of two different specialties are necessary to address the complex questions of the effect of the delays in diagnosis of plaintiff's jaw injury and plaintiff's stroke, they may submit additional expert names for the Court to consider.

**IT IS FURTHER ORDERED** that the parties shall have thirty days from the date of this order to nominate expert witnesses as set out above.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of August, 2017.