UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID A. SEVERANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-74 CAS |
| ) | |
| DR. CHARLES WILLIAM CHASTAIN, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights matter is before the Court on plaintiff David A. Severance's Motion for Leave to File Proposed Budgets for Court Appointed Experts Without Consent of All Parties or, Alternatively, for Guidance Regarding the Budgets and Third Extension of Time to File Joint Budgets.[1] The defendants filed a joint opposition to the motion and plaintiff filed a reply. Also pending is plaintiff's Motion for Continuance of Trial Setting and Amended Case Management Order. Defendants Chastain, Babich, Jackson, Long, and Chamberlin oppose the motion for continuance, and plaintiff filed a reply. After carefully considering the parties' submissions, the Court on its own motion will vacate the Order of August 31, 2017 that granted plaintiff's motion for the appointment of expert witnesses pursuant to Federal Rule of Evidence 706. The Court will deny plaintiff's motion for leave to file proposed budgets as moot in all respects, and will deny without prejudice plaintiff's motion for continuance and to amend the Case Management Order.

I.  **BACKGROUND**

On August 31, 2017, the Court granted plaintiff's unopposed motion for the appointment of expert witnesses pursuant to Federal Rule of Evidence 706. The Court concluded in light of

---

[1] Plaintiff is represented in this case by Court-appointed counsel.

plaintiff's indigence, the factual allegations of his complaint, and the legal requirements for verifying medical evidence to establish the effect of a delay in treatment, that a court-appointed expert was appropriate to address the following issues:

> (1) whether the delay in treatment of plaintiff's jaw fracture had a detrimental effect on plaintiff's condition, prognosis, and future damages; and
>
> (2) whether the delay in treatment of plaintiff's stroke had a detrimental effect on plaintiff's condition, prognosis, and future damages.

Order of Aug. 31, 2017 at 5 (Doc. 134).

In response to the Court's Order, on September 28, 2017 the parties jointly nominated three Doctors of Dental Surgery as potential expert witnesses to address the first issue. The next day, the parties jointly moved to nominate two additional experts to address the second issue and requested a fifteen-day extension to nominate additional experts. The Court granted the parties' request for an extension of time, and the parties jointly nominated two additional experts on October 16, 2017. From these joint nominations, the Court appointed Dr. Michael B. Lee, DDS and Dr. Kenneth A. Stein, M.D. pursuant to Rule 706. See Order of Nov. 22, 2017 at 1 (Doc. 146).

The Court observed that the "selected experts have high hourly rates and minimum fees." Id. Dr. Lee charges $500 per hour for document review, report preparation, and trial preparation, and $800 per hour for depositions, with a two-hour minimum, and his fee for trial testimony is "contingent upon time of trial/travel expenses." Dr. Lee resides in Cincinnati, Ohio. (Doc. 141, Ex. A at 7.) Under Dr. Stein's fee schedule, he charges $575 per hour for consulting, with a non-refundable retainer of $1,150 prior to initial record review, $150 per hour for time away from the office not spent preparing or testifying, a minimum of $2,495 for appearance at any deposition or court appearance of up to four hours, and $625 per hour for any deposition or court appearance time over four hours. Among numerous other requirements, Dr. Stein requires a non-refundable

payment of $1,247 (half of the testimony appearance fee) to schedule an appearance, and payment in full of various fees at least one month in advance of any appearance at deposition or trial. (Doc. 144, Ex. A at 11-13.)

Because of the Court's concern over the experts' high hourly rates and minimum fees, it encouraged the parties to "minimize expenses where possible" and ordered the parties to prepare and submit a joint budget, including an itemized list of all anticipated expert fees through trial. (Doc. 146 at 1.) The parties twice moved to extend the deadline to submit a proposed budget. Despite granting both extensions, the parties failed to come to an agreement.

Plaintiff now unilaterally submits a proposed budget for the two experts calling for approximately sixty hours of work for Dr. Lee, the dental expert, and fifty hours of work for Dr. Stein, the medical expert, at a total cost of almost $60,000. Plaintiff provides no explanation as to why each expert should require fifteen hours for "case review" and fifteen hours for "preparation of report." Although defendants have described the medical records as "voluminous," the Court remains uninformed as to the number of documents each expert would need to review. Defendants assert, however, that they have retained one expert who completed a review of all the case medical records in approximately twelve hours and a full report in approximately six hours. (Doc. 160 at 2.)

In their opposition to plaintiff's motion, the defendants criticize plaintiff's proposed budget as requiring too much time for the review of records and preparation of expert reports, particularly given the limited focus of the experts' review. Defendants suggest that the experts should be deposed by telephone in lieu of live trial appearances, and that the party seeking to offer the testimony of either witness at trial bear the expense of that testimony. The Court notes that while defendants offer numerous criticisms of plaintiff's proposal, they fail to submit a proposed budget of their own.

Defendants also assert they did not consent to the appointment of experts. Plaintiff filed the motion for appointment of experts on March 10, 2017, and defendants neither responded to the motion nor sought additional time to do so. The Court did not grant the motion until August 31, 2017. Defendants waived any opposition to the appointment of experts by their silence, and will not now be heard to argue that they did not consent to the appointment of experts when they had full opportunity to object or otherwise comment on plaintiff's motion to appoint experts.

The Court ordered the parties to submit a *joint* budget and requested that the parties attempt to minimize costs. The parties appear to have made little effort to adhere to the Court's previous order; plaintiff's motion states that counsel for the parties participated in a telephone conference for a mere twenty minutes in an attempt to reach a joint budget, then concluded no agreement or compromise could be reached.

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to File Proposed Budgets for Court-Appointed Experts Without Consent of All Parties or, Alternatively, for Guidance Regarding the Budgets and a Third Extension of Time to File Joint Budgets

The Court granted plaintiff's motion for the appointment of experts under Rule 706 to provide the Court with neutral opinions on two limited and specific issues: whether the delay in treatment of plaintiff's jaw fracture had a detrimental effect on plaintiff's condition, prognosis, and future damages; and whether the delay in treatment of plaintiff's stroke had a detrimental effect on plaintiff's condition, prognosis, and future damages. The Rule 706 procedure is rarely utilized, and in most instances is used to appoint experts to assist a judge in understanding scientific or technical issues necessary to reach a decision in complex cases such those involving patent law. See 29 Charles Alan Wright, et al., Federal Practice and Procedure § 6304 (3d ed.); Karsjens v. Piper, 845 F.3d 394, 401 & n.7 (8th Cir. 2017). The procedure is also appropriate, though infrequently used, in a case such as this where a party is unable to pay for expert

testimony and as a result there may be an inadequate presentation of the issues.  See, e.g., Smith v. Jenkins, 919 F.2d 90, 92-94 (8th Cir. 1990).  In this latter context, the expert's fees are often ordered to be advanced by the nonindigent party or parties.  See, e.g., McKinney v. Anderson, 924 F.2d 1500, 2511 (9th Cir. 1991) (Rule 706 permits "district court to apportion all the cost to one side" in an appropriate case); Willis v. Palmer, 192 F.Supp.3d 973, 977 & n.6 (N.D. Iowa 2016); Gorton v. Todd, 793 F.Supp.2d 1171, 1177 (E.D. Cal. 2011); see also Cecil and Willging, Court-Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706, pp. 62-64, Federal Judicial Center (1993); but see Willis v. Palmer, 2017 WL 4014978, at *1 (8th Cir. Jan. 4, 2017) (dismissing appeal without prejudice to filing renewed appeal "if the district court orders the State to advance funds for the payment of court-ordered experts[.]").

In the Court's experience, the proposed expert budgets submitted by plaintiff are astronomical and are not commensurate with the scope of the work for which the experts were appointed.  The Court is concerned not only with obtaining neutral expert testimony to aid its evaluation of plaintiff's case, but also with the burden on the defendants who must advance the entire cost of the experts, including Missouri taxpayers who will be required to fund at least a portion of the experts' expenses as two of the defendants are employed by the Missouri Department of Corrections.

The Court has considered the case management problems inherent in the use of court-appointed experts.  These include potential issues of ex parte communications between the Court and the experts, and issues of direct contact between the parties and the experts.  See 29 Charles Alan Wright, et al., Federal Practice and Procedure § 6305.  Perhaps the most serious concern is the need to provide a mechanism for the prompt compensation of appointed experts while still retaining the option of reallocating the expenses among the parties based on the resolution of the

issues. The Court has also weighed the parties' failure to comply with the Court's simple order to submit a joint proposed budget. The parties' failure to comply with that order bodes ill for their ability to cooperate in the context of working with court-appointed experts in this case, including problems inherent in the presentation of evidence by a court-appointed expert to a jury. See id. The Court has also considered the unreasonable budgets unilaterally proposed by plaintiff and the economic burden placed on the defendants by the Rule 706 appointment. Having done so, the Court on its own motion reconsiders its prior ruling and will vacate the Order of August 31, 2017, that granted plaintiff's motion for the appointment of an expert under Rule 706, Fed. R. Evid. The Court will deny as moot plaintiff's motion for leave to file proposed budgets or, in the alternative, for guidance regarding the budgets and a third extension of time to file joint budgets.

The Court's reconsideration of its prior order does not leave plaintiff without the ability to obtain expert testimony of his own selection. Plaintiff's appointed counsel is advised that requests for reimbursement for the expenditure of out-of-pocket expenses, including reasonable expert witness fees, may be made pursuant to this Court's Regulations Governing the Disbursement of Fund from the Non-Appropriated Fund for Attorney's Fees and Out-Of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), available on the Eastern District of Missouri's website.[2] Cf. Gorton, 793 F.Supp.2d at 1177, 1186 (appointed counsel may request reimbursement for expert witness fees from court's non-appropriated fund).

Counsel should read the applicable Regulations carefully, and is advised that the judge assigned to a case can approve expense reimbursement requests up to $5,000; expense requests of up to $10,000 must be approved by the Court's Non-Appropriated Fund Committee; and

---

[2]Select the "Attorneys" tab, then "Appointed Counsel Fees and Expenses." The applicable Regulations, instructions, and forms are available.

expense requests in excess of $10,000 must be presented to the Non-Appropriated Fund Committee and then presented to the district court as a whole for consideration.

B. <u>Plaintiff's Motion for Continuance of Trial Setting and Amended Case Management Order</u>

Plaintiff also moves for a continuance of the trial setting by approximately four months and for entry of an amended case management order. Plaintiff asks for extensions of the deadlines to depose court-appointed expert witnesses, to depose defendants' expert witness, to complete all discovery, and to file dispositive motions.

The Court's vacation of the order appointing expert witnesses under Rule 706 will necessarily require modification of the Case Management Order and the trial date, but plaintiff's motion will be denied without prejudice. The parties are to continue with discovery, and plaintiff shall take the deposition of defendants' expert witness as soon as possible. Plaintiff will be given forty-five (45) days from the date of this Order to disclose any expert witnesses, and within fourteen (14) days thereafter, the parties shall file a joint motion to modify the Case Management Order with agreed-upon dates.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Proposed Budgets for Court Appointed Experts Without Consent of All Parties, or Alternative Motion for Clarification of Prior Orders and a Third Extension of Time to File Joint Budgets is **DENIED as moot**. [Doc. 159]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Continuance of Trial Setting and Amended Case Management Order is **DENIED without prejudice**. [Doc. 164]

**IT IS FURTHER ORDERED** that plaintiff shall disclose any expert witnesses by **April 26, 2018**.

**IT IS FURTHER ORDERED** that by **May 10, 2018**, the parties shall file a joint motion to modify the Case Management Order with agreed-upon dates.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of March, 2018.