# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVID A. SEVERANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-74 CAS |
| ) | |
| DR. CHARLES WILLIAM CHASTAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff David A. Severance's motions to exclude the expert testimony of defendant Dr. Ernest Jackson's[1] ("defendant") expert witnesses, Dr. Kennon Tubbs and Dr. Allen Sclaroff, pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Defendant opposes the motions. No party has requested an evidentiary hearing. The parties have submitted an evidentiary record in connection with the motions, which includes the expert reports and curriculum vitae of Dr. Tubbs and Dr. Sclaroff. The Court finds it can make a proper <u>Daubert</u> analysis without the need for an evidentiary hearing or oral argument. For the following reasons, the plaintiff's motions will be denied.

**I.    Background**

Plaintiff brings claims against prison officials and medical staff asserting that their treatment of his jaw fracture violated the Eighth Amendment. His claims arise from being struck in the face with a metal lock by a fellow inmate on April 26, 2012. As a result of the encounter, plaintiff suffered a fractured jaw and required extensive medical treatment, including oral surgery to implant

---

[1] As of the date of this Order, the remaining defendants are Dr. Ernest Jackson, Brett M. Jeschke, and Larry Keithley. Dr. Ernest Jackson retained Dr. Kennon Tubbs and Dr. Allen Sclaroff.

titanium plates. Approximately three months after the implantation, one of the plates was removed because of an infection. On April 11, 2013, the infection had not yet cleared and the remainder of the implanted hardware was removed.

In addition to his jaw fracture, plaintiff began to suffer stroke symptoms on July 9, 2013. Plaintiff was told that his increased risk of stroke, persistent cardiac issues, multiple medications, and continued cigarette use made a third jaw surgery too dangerous to perform under anesthesia. Plaintiff claims that defendants failed to provide him with proper medical care because his jaw remains fractured today and requires future treatment for his injury.

**II. Discussion**

A. Plaintiff's Motion to Exclude Expert Witness Dr. Allen Sclaroff, DDS

Plaintiff moves to exclude testimony and evidence from defendant's oral and maxillofacial surgical expert, Dr. Allen Sclaroff, DDS, for three reasons: (1) the expert report was untimely because it was submitted to plaintiff four days past the deadline set by this Court; (2) defendant failed to disclose all cases in which Dr. Sclaroff testified as an expert by deposition; and (3) the expert report does not meet the standards for admissibility set forth in Daubert because Dr. Sclaroff failed to include any reasoning or explanation for his opinions.

1. Timeliness and Disclosure

On May 24, 2018, the Court granted the parties' Joint Motion for Leave to Modify the Case Management Order, which, in pertinent part, ordered that "Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **June 8, 2018**. Defendants' expert witnesses shall be deposed by **July 6, 2018**." [Doc. 175].

On June 8, 2018, defendant disclosed Dr. Sclaroff as an expert witness and indicated the expert report would be supplemented.[2] [Doc. 191-3]. On June 12, 2018, defendant submitted Dr. Sclaroff's one and a half page report to plaintiff's counsel with the following statement: "Dr. Sclaroff has never testified at trial and has not kept a record of depositions in which he has given expert testimony in." [Doc. 191-5, 191-7]. Defendants were scheduled to depose plaintiff's expert witness, Dr. Stephen Shall, DDS, the following day, on June 13, 2018.

After receiving Dr. Sclaroff's report, plaintiff's counsel sent an e-mail to defendant's counsel stating: "Dr. Shall will not be in a position tomorrow morning to give you firm opinions as to whatever is contained in these new reports" but "[w]e are happy to proceed with Dr. Shall's deposition unless we hear differently from you." [Doc. 195-1]. Defendant's counsel agreed to proceed with the deposition of plaintiff's expert, Dr. Shall.

In the instant Motion to Exclude, plaintiff argues that the four-day delay in receiving Dr. Sclaroff's expert report caused significant prejudice to plaintiff because both plaintiff's counsel and Dr. Shall were denied a meaningful opportunity to analyze the report in preparation for the deposition scheduled for the following day. Plaintiff also argues that defendant's failure to provide a list of all other cases in which Dr. Sclaroff has testified as an expert by deposition is additional grounds for exclusion.

Upon finding that a party's Rule 26 expert disclosure was untimely, a court must determine the appropriate sanction, if any. Under Rule 37(c)(1), Fed. R. Civ. P., a range of potential punishments exists for failure to comply with a rule. The choice of the sanction or remedy lies within the wide discretion of the trial court, <u>Wagoner v. Johnson</u>, 527 F.3d 687, 682 (8th Cir. 2003),

---

[2] Defendant did not provide Dr. Sclaroff's report at the time of disclosure.

3

and the Rule requires the court to consider whether the party's failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

The Eighth Circuit has identified several factors for district courts to consider before excluding evidence: the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. See Wagoner, 527 F.3d at 692 (citing cases). The complete exclusion of evidence "is a harsh penalty and should be used sparingly." Id. (quoted case omitted).

Although Dr. Sclaroff's report was not disclosed on the date required by the Amended Case Management Order, the Court finds that the four-day delay did not cause significant prejudice or disrupt the efficiency of the trial to justify excluding Dr. Sclaroff's expert testimony. Plaintiff's counsel had the opportunity to make a request for Dr. Shall's deposition to be rescheduled, but left the decision solely up to defendant's counsel. Moreover, Dr. Sclaroff's report is a mere page and a half in length, the majority of which is a summary of plaintiff's medical history, which Dr. Shall presumably read in preparation for his deposition. Plaintiff has not indicated how Dr. Shall's deposition testimony might have changed as a result of reviewing Dr. Sclaroff's report. Further, at the time the report was disclosed, plaintiff's counsel had approximately four weeks to prepare for the deposition of Dr. Sclaroff. To date, plaintiff has chosen not to depose Dr. Sclaroff on the contents of his report.

Under these circumstances, the Court finds that the delay in producing the report is harmless. The Court also does not find that permitting Dr. Sclaroff's testimony would disrupt the order or efficiency of trial, which is scheduled for March 4, 2019.

The Court further declines to exclude Dr. Sclaroff's testimony based on defendant's failure to comply with Rule 26(a)(2), which requires the disclosure of expert testimony to include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Although counsel for defendant inappropriately disregarded the expert report requirements of Rule 26 of the Federal Rules of Civil Procedure, no discovery motions were filed by plaintiff and, in review of the evidentiary record before the Court, plaintiff made no attempt to obtain Dr. Sclaroff's previous deposition testimony without court intervention.

Defendant will, however, be directed to submit this information to plaintiff, with the reminder that "[a] party is not excused from producing a detailed and complete list of cases in which that party's expert has testified simply because the expert does not maintain such a list, or because such a list would be costly and difficult to compile." Jennings v. Thompson, 792 F. Supp. 2d 1, 6 (D.D.C. 2011). If defendant is not compliant with this Order, within the deadline provided, the Court has authority to exclude the testimony of Dr. Sclaroff for failure to comply with the Federal Rules. See Christian v. Frank Bommarito Oldsmobile, Inc., 2009 WL 10694836, at *1 (E.D. Mo. July 21, 2009).

Therefore, plaintiff's motion to exclude Dr. Sclaroff's testimony on these grounds should be denied.

### 2. Reliability of Dr. Sclaroff's Expert Report

Plaintiff argues that Dr. Sclaroff's expert report should also be excluded because it does not include any reasoning or explanation for his opinion that "the Medical and Dental Team acted in the best interest of Mr. Severance by denying reconstructive mandibular surgery" and they "not only

5

prolonged his life but saved his life by not subjecting him to a long surgery and a long general anesthesia." Sclaroff Report at 2.

Defendant responds that Dr. Sclaroff's expert report is reliable and should be admitted because his opinion that the prison medical team made the correct decision in denying plaintiff additional oral surgery is based on a thorough review of plaintiff's extensive medical records and over 40 years of experience as a practicing oral and maxillofacial surgeon.

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. In <u>Daubert</u>, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on scientific, technical or other specialized knowledge is "not only relevant, but reliable." <u>Daubert</u>, 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." <u>Id.</u> at 592-93.

The Eighth Circuit Court of Appeals has stated that proposed expert testimony must meet three criteria to be admissible under Rule 702. First, evidence based on scientific, technical, or other specialized knowledge must be relevant. See <u>Lauzon v. Senco Prods., Inc.</u>, 270 F.3d 681, 686 (8th Cir. 2001). "Second, the proposed witness must be qualified to assist the finder of fact." <u>Id.</u> (citation omitted). "Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." <u>Id.</u> (internal quotation marks omitted). To meet the third requirement, the testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert

must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

"Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony[,]" Weisgram v. Marley Co., 169 F.3d 514, 523 (8th Cir. 1999), and "favors admissibility if the testimony will assist the trier of fact." Clark ex rel. Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (citation and internal quotation omitted).

As a general rule "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Nebraska Plastics, Inc. v. Holland Colors Am., Inc., 408 F.3d 410, 416 (8th Cir. 2005) (quoted case omitted); see also Doe v. City of St. Louis, 2012 WL 1134032, at *3 (E.D. Mo. Apr. 4, 2012). However, "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." Id. (quoted case omitted). An expert opinion is fundamentally unsupported when it "fails to consider the relevant facts of the case." Id.

Plaintiff does not challenge the relevance of Dr. Sclaroff's testimony or his qualifications in the field of oral surgery. Plaintiff limits his challenge to the reliability of Dr. Sclaroff's testimony. Plaintiff specifically argues that Dr. Sclaroff's written report is not supported by the application of any methodology and does not include any explanation for the opinion that he asserts.

Dr. Sclaroff's written report and opinion is based on his review of plaintiff's medical records, prison records, medication lists, and deposition transcripts of the medical professionals who provided plaintiff with treatment during the relevant time frame, as well as his own extensive experience as an oral surgeon. In forming his opinion that it was the correct standard of care to deny

plaintiff additional oral surgery, Dr. Sclaroff considered and referenced key medical records to support his opinion, including the fact that plaintiff is "classified as an ASA 4 cardiac risk which is a severe cardiac anesthetic risk for a major cardiac event under anesthesia."

The Court finds that plaintiff's objections to Dr. Sclaroff's testimony go to its weight rather than its admissibility. The report is sufficiently reliable and relevant to assist the jury's determination of whether defendants acted within the correct medical standard of care. A general complaint that an expert lacks a sufficient factual basis for his opinion is not grounds for excluding the testimony and report. Plaintiff's assertions concerning flaws in Dr. Sclaroff's methodology are proper subjects for plaintiff's own expert testimony and for thorough cross-examination before the trier of fact.

Therefore, this aspect of plaintiff's motion to exclude the testimony of Dr. Sclaroff should be denied.

### B. Plaintiff's Motion to Exclude Expert Witness Dr. Kennon Tubbs

Plaintiff moves to exclude testimony and evidence from defendant's expert, Dr. Kennon Tubbs, for four reasons: (1) the supplemental expert report was untimely because it was submitted to plaintiff four days past the deadline set by this Court; (2) defendant failed to comply with Rule 26(a)(2), which requires the disclosure of expert testimony to include a list of the witness's publications; (3) Dr. Tubbs does not have the knowledge, skill, experience, training, or education in oral or maxillofacial surgery sufficient to render the opinion in his report; and (4) the expert report does not meet the standards for admissibility set forth in Daubert because Dr. Tubbs failed to include any reasoning or explanation for his opinions.

1. Timeliness and Disclosure

The Court ordered defendants to disclose all expert witnesses and provide expert reports by June 8, 2018. [Doc. 175]. Defendant had previously disclosed Dr. Tubbs as an expert witness and provided his initial written report on July 27, 2017. [Doc. 191-1]. Defendant again disclosed Dr. Tubbs as an expert witness and re-submitted his written report on June 8, 2018. [Doc. 191-3]. Four days later, on June 12, 2018, defendant submitted Dr. Tubbs's supplemental report to plaintiff.

Mirroring the same arguments as in plaintiff's Motion to Exclude the Expert Testimony of Dr. Sclaroff, plaintiff contends that the four-day delay in receiving Dr. Tubbs's expert report caused significant prejudice to plaintiff because both plaintiff's counsel and plaintiff's expert, Dr. Shall, were denied a meaningful opportunity to analyze the report in preparation for the deposition scheduled on the following day.

The Court does not accept this argument because the four-day delay did not cause plaintiff significant prejudice or disrupt the efficiency of trial; counsel had the opportunity to reschedule Dr. Shall's deposition, but left the decision solely up to defendant's counsel; and, at the time the supplemental report was disclosed, plaintiff's counsel had approximately four weeks to prepare for the deposition of Dr. Tubbs.

Moreover, the supplemental report is substantially similar to the initial report without any change of opinion. The supplemental report was only edited to include minimal details from the deposition testimony of plaintiff's heath care providers. "Courts have allowed an expert's untimely supplemental report when the supplementation did not contradict prior . . . testimony, but rather, only provided more detailed information that was 'entirely consistent with and d[id] not significantly expand on any of the opinions or reasons in the' expert's report, or merely expand[ed] or clarif[ied]

initial opinions that the [other party] had an opportunity to test during discovery." Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co., 2017 WL 632105, at *7 (N.D. Iowa Feb. 13, 2017) (citing Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., 2015 WL 2176964, at *3 (E.D. Mo. May 8, 2015)).

The Court also declines to exclude Dr. Tubbs's testimony based on plaintiff's argument that defendant failed to comply with Rule 26(a)(2), which requires the disclosure of expert testimony to include a list of the witness's publications. This argument is without merit as defendant's disclosure of expert witnesses directed plaintiff to Dr. Tubbs's curriculum vitae, which evidences that Dr. Tubbs does not have any publications. [Doc. 191-3].

Therefore, plaintiff's motion to exclude Dr. Tubbs's testimony on these grounds should be denied.

2. Qualifications of Dr. Tubbs

Plaintiff argues that Dr. Tubbs's export report should also be excluded because he does not have the knowledge, skill, experience, training, or education in oral or maxillofacial surgery sufficient to qualify him as an expert.

Dr. Tubbs has been a board-certified physician in family medicine since July 1999, has served as a Medical Director for 10 detention centers since 2002, and practiced at the Utah State Prison as a primary care provider from 1999 to 2015. Dr. Tubbs is a certified provider by the National Correctional Commission on Health Care and a member of the American Academy of Family Physicians and American Board of Family Physicians. Throughout his 16-year career as a Medical Director, Dr. Tubbs has overseen the health care of over 1,500 incarcerated individuals.

Dr. Tubbs testified in his expert report that he supervises Physician Assistants who provide the majority of patient care in the detention centers he oversees.

The Court rejects plaintiff's argument that Dr. Tubbs is not qualified to proffer an opinion as to the appropriate standard of care for a jaw injury within a detention center. The fact that Dr. Tubbs is not an oral or maxillofacial surgeon does not disqualify him as an expert. To the contrary, his specialized training and extensive experience as a family practice physician at the Utah State Prison and a Medical Director for multiple detention centers provides a sufficient basis for him to offer an opinion on whether the Missouri Department of Corrections and its medical staff provided plaintiff with the correct standard of care based on plaintiff's medical history and complications.

An expert may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702; see Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1081 (8th Cir. 1999). Rule 702 specifically contemplates that practical training and experience, as well as academic training and credentials, may be the basis of expert testimony. Federal Crop Ins. Corp. v. Hester, 765 F.2d 723, 728 (8th Cir. 1985). "The only question relevant to the admissibility of . . . scientific evidence is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue." Bonner v. ISP Technologies, Inc., 259 F.3d 924, 929 (citing Daubert, 509 U.S. at 594-95). The Court concludes that Dr. Tubbs's testimony meets this standard. Plaintiff's concerns are proper subjects for plaintiff's own expert testimony and for thorough cross-examination of Dr. Tubbs regarding his education and credentials. Plaintiff had ample time to take Dr. Tubbs's deposition within the deadlines provided by this Court but chose not to do so.

Therefore, plaintiff's motion to exclude Dr. Tubbs's testimony on these grounds should be denied.

3. <u>Reliability of Dr. Tubbs's Expert Report</u>

Plaintiff argues that Dr. Tubbs's expert report should also be excluded because he has not shown that he used reliable principles and methods to form his opinions, such as the "differential diagnosis method."

The fact that Dr. Tubbs did not include a differential diagnosis[3] does not render his opinion unreliable under <u>Daubert</u>. Plaintiff overstates the scope of Dr. Tubbs's testimony. The expert report focuses not on causation, but on his opinion for the general standards of care required of all practitioners with respect to an inmate with a jaw fracture and other medical complications, which is an area squarely within Dr. Tubbs's expertise as a detention center family practice physician and medical director.

According to Dr. Tubbs, plaintiff presented with a non-healing jaw fracture after undergoing two oral surgeries and concurrently suffering from multi-vascular disease and stroke. After review of plaintiff's medical records, prison records, medication lists, and deposition transcripts of the medical professionals who provided plaintiff with treatment during the relevant times, Dr. Tubbs opined that the standard of care for any physician would have been to deny a third oral surgery because "a significant head and neck surgery to repair [plaintiff's] jaw could precipitate another myocardial infarction, cerebrovascular event, cardiopulmonary compromise or seizure activity." Tubbs Suppl. Report at 19. To the extent that there is a general standard of care regarding the approval of surgery for higher risk patients suffering from stroke and cardiac issues, Dr. Tubbs is able to offer expert testimony.

---

[3]A differential diagnosis is "the determination of which of two or more diseases with similar symptoms is the one from which the patient is suffering, by a systematic comparison and contrasting of the clinical findings." <u>Stedman's Medical Dictionary</u> 492 (27th ed. 2000).

The Court finds that plaintiff's objections to Dr. Tubbs's testimony go to its weight rather than its admissibility because his opinion is supported by the relevant facts of the case. See Nebraska Plastics, Inc., 408 F.3d at 416 (a motion to exclude should be granted only "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury."). Plaintiff's assertions concerning flaws in Dr. Tubbs's methodology are proper subjects for plaintiff's own expert testimony and for cross-examination before the trier of fact.

Therefore, this aspect of plaintiff's motion to exclude Dr. Tubbs's testimony should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff David A. Severance's motion to exclude expert testimony of Dr. Allen Sclaroff is **DENIED**. [Doc. 187]

**IT IS FURTHER ORDERED** that plaintiff David A. Severance's motion to exclude expert testimony of Dr. Kennon Tubbs is **DENIED**. [Doc. 185]

**IT IS FURTHER ORDERED** that by **Wednesday**, **December 5, 2018**, defendant Ernest Jackson, through counsel, shall submit to plaintiff's counsel a list of all cases in which Dr. Allen Sclaroff testified as an expert at trial or by deposition during the previous four years. If defendant fails to comply timely and fully with this Order, plaintiff is directed to file a Status Report with the Court, and the Court will exclude Dr. Sclaroff's expert testimony.

                                                                         **CHARLES A. SHAW**
                                                                         **UNITED STATES DISTRICT JUDGE**

Dated this 15th day of November, 2018.